AF Approval *KL for JAM*                Chief Approval 

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

  v.       CASE NO. 2:20-cr-135-TPB-KCD

FERNANDO ESPINOSA LEON

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Fernando Espinosa Leon, and the attorney for the defendant, Hector Flores, mutually agree as follows:

**A. Particularized Terms**

 1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One and Seven of the Indictment. Count One charges the defendant with Health Care Fraud, in violation of 18 U.S.C. § 1347. Count Seven charges the defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

 2. Maximum Penalties

Count One carries a maximum sentence of 20 years imprisonment, a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of

Defendant's Initials *FEL*

supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.    <u>Minimum and Maximum Penalties</u>

Count Seven is punishable by a term of imprisonment of two years consecutive to any other sentence imposed, a fine of up to $250,000, a term of supervised release of up to one year, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

4.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One of the Indictment, which charges Health Care Fraud in violation of 18 U.S.C. § 1347, are:

<u>First</u>:    The Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care

Defendant's Initials _FEL_      2

benefit program, [or to obtain money or property owned by, or under the custody or control of, a health-care benefit program] by means of false or fraudulent pretenses, representations, or promises;

Second:    The health care benefit program affected interstate commerce;

Third:    The false or fraudulent pretenses, representations, or promises related to a material fact;

Fourth:    The Defendant acted willfully and intended to defraud; and

Fifth:    The Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

The elements of Count Seven of the Indictment, which charges

Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), are:

First:    The defendant knowingly transferred, possessed or used another person's means of identification;

Second:    Without lawful authority;

Third:    During an in relation to the crime of Health Care Fraud.

Defendant's Initials _FEL_          3

5.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two through Six and Eight through Nine, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b) the defendant agrees to make full restitution to the Centers for Medicare & Medicaid Services (CMS).

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion

Defendant's Initials _FEL_         4

pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets

Defendant's Initials _FEC_            5

to be forfeited specifically include, but are not limited to, the $4,013,148.76 in proceeds the defendant admits he obtained, as the result of the commission of the offenses to which the defendant is pleading guilty.   The defendant acknowledges and agrees that:  (1) the defendant obtained this amount as a result of the commission of the offense(s), and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense(s) of conviction.  The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offense(s) and consents to the entry of the forfeiture order into the Treasury Offset Program.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery

Defendant's Initials $FEL$                6

(including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United

Defendant's Initials $\overline{FEL}$     7

States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant's Initials $F\mathcal{E}\mathcal{C}$          8

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

## B.   **Standard Terms and Conditions**

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution

Defendant's Initials $FEC$                    9

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $200.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials $FEL$          10

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to

Defendant's Initials _F_E_L_        11

make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any

Defendant's Initials  $\overline{FEL}$            12

assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's

Defendant's Initials _F E L_          13

sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will

Defendant's Initials _FEL_                14

bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials _FEL_         15

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials $FEL$          16

## FACTS

Beginning on an unknown date, but at least in or about June 2020, the defendant, Fernando Espinosa Leon, engaged in a scheme to defraud Medicare using his company – Global Medical Supply, Inc. Espinosa Leon did so by fraudulently billing Medicare for durable medical equipment ("DME") that he claimed had been prescribed and supplied to thousands of Medicare beneficiaries. Medicare Part B (medical insurance) covered, among other things, DME that was medically necessary and ordered by licensed medical doctors or qualified healthcare providers.

To carry out the scheme, Espinosa Leon stole and unlawfully used the personally identifiable information ("PII") of Medicare beneficiaries, as well as medical practitioners. This included unlawfully using the Medicare beneficiary's name and unique health insurance claim number ("HCIN"), as well as the unique identified numbers assigned to physicians or non-physician practitioners who certified the beneficiary's need for DME (National Provider Identifier ("NPI") and/or a Unique Physician Identification Number ("UPIN")). Three of the many HCINs used to fraudulently bill Medicare belonged to H.C., J.C., and N.M. These Medicare beneficiaries, as well as eighteen others, were interviewed by a law enforcement agent and confirmed they never heard of Global Medical Supply and had never been treated by the

Defendant's Initials _FEL_          17

provider that had purportedly prescribed the DME that had been billed to Medicare. Also of note, Global Medical Supply billed Medicare for DME that had been prescribed by a medical practitioner who had been deceased months prior to the dates DME was prescribed. The table below summarizes each fraudulent claim Espinosa Leon submitted for DME that was never prescribed or supplied to H.C., J.C., and N.M and that is charged in the indictment.

| COUNT | DATE OF CLAIM SUBMISSION | BENEFICIARY | CLAIM NUMBER AND DME BILLED | AMOUNT BILLED |
|-------|------|------|------|------|
| **ONE** | 6/16/2020 | H.C. | 120168765563000 Tension based Scoliosis orthosis and accessory pads | $3,200.00 |
| **TWO** | 6/16/2020 | H.C. | 120168765563000 Halo procedure, cervical halo incorporated into Milwaukee type orthosis | $3,000.00 |
| **THREE** | 6/16/2020 | J.C. | 120168765571000 Tension based Scoliosis orthosis and accessory pads | $3,200.00 |
| **FOUR** | 6/16/2020 | J.C. | 120168765571000 Halo procedure, cervical halo incorporated into Milwaukee type orthosis | $3,000.00 |

Defendant's Initials _FEL_          18

| FIVE | 6/18/2020 | N.M. | 120170767139000<br>Tension based Scoliosis<br>orthosis and accessory<br>pads | $3,200.00 |
| SIX | 6/18/2020 | N.M | 120170767139000<br>Halo procedure,<br>cervical halo<br>incorporated into<br>Milwaukee type<br>orthosis | $3,000.00 |

To make it appear as if Global Medical Supply was a legitimate DME company, Espinosa Leon leased office space in Cape Coral, Florida. As part of the investigation, the landlord/property manager of the unit Espinosa Leon leased was interviewed by a Secret Service Agent. The landlord stated that he met with Espinosa Leon a few times so that Espinosa Leon could pick up packages. The landlord also stated that his office was next door to Global Medical Supply's office and that he never saw patients or visitors entering Global Medical Supply's office space. Eventually, according to the landlord, Espinosa Leon abandoned the lease and property.

To fraudulently bill Medicare, Espinosa Leon utilized the services of a third-party biller. From June 2020 through September 2020, Espinosa Leon—through the third-party biller—fraudulently submitted billing for approximately $7,688,500.00 in claims for reimbursement to Medicare for DME items and services that were purportedly prescribed and provided to

Defendant's Initials _FEL_          19

Medicare beneficiaries. As a result, approximately $4,013,148.76 in fraudulently obtained Medicare fraud proceeds were deposited into a bank account that Espinosa Leon managed and controlled. At least $1,442,455.35 of the ill-gotten proceeds were diverted to Espinosa Leon. The remainder was diverted to another individual, as well entities that purported to operate as delivery or transportation companies.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials *FEL*        20

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___17___ day of November, 2024.

ROGER B. HANDBERG
United States Attorney

Fernando Espinosa Leon
Defendant

Trenton J. Reichling
Assistant United States Attorney

Hector Flores
Attorney for Defendant

Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

Defendant's Initials _FEL_                21